UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:09-mc-41 |
| ) | |
| JAMES GAFFNEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER REGARDING "GARNISHMENT HEARING"**

James Gaffney was convicted in the United States District Court in Boston, Massachusetts of mail fraud offenses and his sentence included an order that he pay restitution in the amount of $ 775,000.00. Judgment was entered on March 8, 2002. On June 19, 2008, the Court issued a Writ of Garnishment on application of the United States. On July 21, 2008, James Gaffney filed two motions, one asking that the garnishment proceedings be transferred to Portland, Maine, and one requesting a "hearing" on garnishment. On July 28, 2009, the Garnishee, Allianz Life Insurance Company, filed its answer and reported that it had custody, control or possession of an IRA policy # ******* in the amount of $391.922.40 and that James Gaffney was the policy owner. Gaffney filed a letter with the clerk of the District Court in Boston explaining that he believed the property was "exempt" and wanted a hearing on that issue. Without ruling on the request for a "hearing" the Court granted the motion to transfer the garnishment proceeding to the District of Maine on September 18, 2008. The matter was finally received and entered in this court on February 23, 2009, following the Massachusetts judge's endorsement that the motion for hearing was "moot" on February 18, 2009, because the matter had been transferred to Maine. I assume the "moot" notation referenced a hearing in

Massachusetts, because the statute, 28 U.S.C. 3205 (c)(5) says the court *shall* hold a hearing within 10 days after the request is received by the court.

Ten business days after the receipt of the objection in this court would mean that the hearing must be held by March 9, 2009.  However, the statute does provide that the hearing can be held "as soon thereafter as is practicable."  Given this court's lack of prior familiarity with this case and the odd procedural posture, coupled with the lack of substantive reasons given for the objection, I determine it is not practicable to hold a hearing in Portland on March 9, 2009.

In order to better understand the parties' positions and to clarify the extent of the "hearing" required in this case, I am now directing the parties to file memoranda of law outlining their respective positions.  Gaffney apparently claims the garnished property is "exempt."  He shall provide legal support for that position in a legal memorandum filed with this Court no later than March 19, 2009.  If Gaffney believes he has a legal right to an evidentiary hearing of some sort, he shall indicate what evidence he intends to present, including the names of any potential witnesses if he anticipates a testimonial hearing.  Gaffney should support his claims with affidavits from potential witnesses in order for the court and the Government to be able to better determine the necessity of such testimony.  Pursuant to 28 U.S.C. § 3205 (5) since Gaffney is the objecting party he bears the burden of proving the grounds for his objection and for that reason he shall proceed first.  If Gaffney fails to provide this court with the necessary "grounds for the objection," <u>id.</u>, his request for a hearing shall be summarily denied.  In my view a conclusory statement that the property is "exempt" is insufficient, as by definition a writ of garnishment may only issue against property in which the debtor "has a substantial *nonexempt* interest."  28 U.S.C. § 3205 (a).

The normal response and reply deadlines pursuant to District of Maine Local Rule 147 will apply.

A copy of this Order will be provided to the parties and to the garnishee.

***So Ordered.***

February 26, 2009                                              /s/ Margaret J. Kravchuk
                                                               U.S. Magistrate Judge